■ MARGARITA MININO et al., Respondents, and MARIA RUIZ, Intervenor-Respondent, v CESAR PERALES, as Commissioner of Social Services of the State of New York, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered October 20, 1989, which granted plaintiffs' motion for summary judgment, unanimously modified, on the law, to the extent of granting the defendant city's motion to dismiss, and otherwise affirmed, without costs. The clerk is directed to enter judgment in favor of defendants dismissing the complaint.

This action consolidates claims based upon the unlawful denial of Home Relief benefits by application of the provisions of Social Services Law § 131-k (3) "deeming" the income of a sponsor available to a sponsored alien for a period of three years after such alien's entry into the United States, for purposes of determining the eligibility of such alien for Home Relief benefits, whether or not such income is actually available. We reject the State's argument that the Federal "deeming" policy set forth in the Omnibus Budget Reconciliation Act of 1981 and applicable to Federally funded public assistance programs, upon which Social Services Law § 131-k (3) is modeled, was intended by Congress to have the dual purpose of discouraging unqualified immigration into the United States and reducing the cost of public assistance, and thus that Federal preemption in the field of immigration mandates application of Social Services Law § 131-k (3) to the State-funded Home Relief program.

It has been held that not every State enactment which deals with aliens constitutes a regulation of immigration and is thus preempted by Federal law. *(See, De Canas v Bica,* 424 US 351.)* Indeed, the Supreme Court has noted that the several States possess broad authority under their police powers to regulate the safety and welfare of all persons within the State, including aliens. *(De Canas v Bica, supra,* at 356-357.)

Article XVII, § 1 of the New York State Constitution imposes a duty on the State to aid the needy and the Legislature may not avoid that constitutional mandate by denying aid to

such persons solely on the basis of criteria having nothing to do with need, such as the "deeming" provision of Social Services Law § 131-k (3). *(See, Tucker v Toia,* 43 NY2d 1, 9.)

We find that it was error for Supreme Court to have denied the city defendant's motion to dismiss the action as against it. The sole responsibility of the city is to administer the State's public assistance program in New York City in accordance with State regulations, and thus the city defendant is not a necessary or proper party to the action. *(See, e.g., Joanne S. v Carey,* 115 AD2d 4.) Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.